JEFFERSON D. BLAKESLEE *vs.* MARGARET TYLER.

New Haven Co., June T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The statute (Gen. Statutes, p. 253, sec. 1) makes a person who places obstructions on a highway liable to a penalty and gives a *qui tam* action for its recovery. Held—
1. That the act of placing the obstruction is a tort.
2. That under Gen. Statutes, p. 417, sec. 9, a wife who acts in concert with her husband in placing such obstructions, is liable to the penalty, unless she did it under the actual coercion of her husband.
Where the act done was the putting up of bars across a highway, they having been thrown down, and the husband and wife ran to the place together, she in advance of him and he calling to her to put the bars up, which she began to do, and on his reaching the place the two putting the remaining bars up together, it was held that her act could not be regarded as done under his coercion.

[Argued June 21st—decided July 15th, 1887.]

QUI TAM action, to recover a penalty, under Gen. Stat-
utes, p. 253, sec. 1, for placing obstructions on a highway ;
brought, by appeal from the judgment of a justice of the
peace, to the Court of Common Pleas in New Haven
County, and tried to the court before *Pickett, J.* Facts
found and judgment rendered for the plaintiff and appeal
by the defendant.   The case is fully stated in the opinion.

*T. E. Doolittle,* for the appellant, contended that the
proceeding was criminal and the act charged a crime and
not a tort, *(State* v. *Brown,* 16 Conn., 57, 59) ; that the
action therefore could not be maintained against the wife
under Gen. Statutes, p. 417, sec. 9 ; and that the wife was
under such coercion on the part of her husband that she
was not liable for the act charged, (Reeve Dom. Rel. 73 ;
Schouler Dom. Rel., 141) ; and that the action, if it could
have been brought against the wife, could not be maintained
against her alone (Pomeroy's Remedial Rights, § 320).

*W. B. Stoddard* and *S. C. Loomis,* for the appellee.

BEARDSLEY, J.   The defendant is the wife of Henry Tyler,
defendant in the next preceding case of *J. D. Blakeslee* v.
*Henry Tyler,* which was brought to recover the penal-
ty for placing obstructions upon a highway.   She acted with
him in placing the obstructions upon the highway, and is
sued for the recovery of the statutory penalty.   The find-
ing of facts, and of the defendant's claims, in the trial of
the former case, are made part of the record in this case,
and the court finds the following additional facts specially
applicable to this case :—

" On May 24th, 1886, the plaintiff having thrown out said
bars, the said Henry Tyler and his wife, the defendant, im-
mediately went toward them together, and she, being more
active than her husband, ran-ahead of him and reached the
bars first, upon which he, being near, said to her—' Put
them up,' which she proceeded to do in part, until he came
up, when they together put up the remainder of the bars.
No other request or command was made by him to her, and

she was subject to no actual coercion by her husband in doing what she did toward replacing the bars. The title to the land easterly from the bars and adjacent thereto was in the said Margaret Tyler. Upon the foregoing facts the plaintiff claimed that this action was for a tort, and could be sustained under the provisions of the Revised Statutes, p. 117, sec. 9, against the wife alone, without the joinder of the husband as a party to the action. The defendant claimed that the provisions of the statute had no applicability to this case, as this was an action to recover a penalty under a penal statute, which was not qualified by the statute. The defendant also claimed that the direction given to the defendant by her husband on the 24th of May, to put up the bars in question, was such coercion as exempted her from any liability in this action." The court ruled adversely to the claims of the defendant and this ruling is assigned for error.

The statute referred to (Gen. Statutes, p, 417, sec. 9) is as follows :—" Actions may be sustained against a married woman upon any causes of action which accrued before her marriage, and upon any contract made by her since her marriage, upon her personal credit, for the benefit of herself, her family, or her separate or joint estate, and for any tort committed by her without the actual coercion of her husband, and her property attached and taken on execution in the same manner as if she was unmarried, and her husband shall not be liable on any such causes of action."

Two questions arise under this statute : Was the act of the defendant a tort? If so, did her husband compel her to commit it?

In *Canfield* v. *Mitchell*, 43 Conn. R., 169, which like this was an action upon the statute, and brought upon the same statute, it was decided to be a civil action. Judge SWIFT says that "this form of action is a species of action on the case." 2 Swift's Dig., 589. The only classification of civil personal actions recognized by law, is that of actions upon contracts and actions for torts. 3 Black. Com., 117. " All acts or omissions which the law recognizes as the sub-

jects of its provisions and application, are either contracts, torts or crimes." 1 Hilliard on Torts, 2.

The statute gives to an individual this remedy, to recover a penalty for his own benefit as well as that of the public, for the wrongful act of the defendant, and thereby in effect stamps the act as a tort. This being so, and the tort being of such a nature that those committing it are severally liable for the penalty (*Curtis* v. *Hurlburt*, 2 Conn. R., 309), the defendant is liable, though she acted in concert with her husband, unless he actually coerced her to commit it. The court finds that he did not coerce her, and this finding is conclusive, unless it is inconsistent with the facts upon which it rests.

We think that it is fully justified by the facts. It is apparent that the statute quoted was designed to make radical changes in the civil rights and liabilities of the wife in respect to her torts as well as contracts. By the common law she was for the most part protected from liability for her torts, as well as responsibility for her crimes committed in the presence of her husband, by the presumption that she acted by his coercion. This presumption in many, if not in most cases, probably rested upon a slender basis of fact, but generally prevailed, owing to the inherent difficulty of proving that it was not well founded.

The statute abolishes this presumption in respect to torts, and requires the wife to prove for her justification that her husband *in fact* compelled her to commit the tort for which she is sued.

The facts found fall far short of showing such coercion. The bars in question served to inclose the land of the defendant; the plaintiff had taken them down and the defendant and her husband started together to put them up. Her husband said to her, "Put them up"; but this was said when she was running towards the bars in advance of him, and was evidently mere language of encouragement. There is no reason to believe that she would have stopped short of doing what she intended, if he had said nothing. If it had appeared that the wife put up the bars in conse-

quence of what was said by the husband, the question would still arise, whether she was coerced to do so within the meaning of the statute.

There is no error in the judgment appealed from.

In this opinion the other judges concurred; except CAR-PENTER, J., who dissented.